IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARWIN DIAZ TURCIOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-083 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *in his official capacity as* | ) | Magistrate Judge Peter E. Ormsby |
| *Warden of Moshannon Valley* | ) | |
| *Processing Center et al.*, | ) | |
| | ) | |
| Respondents. | | |

## **MEMORANDUM ORDER**

Presently before the Court is a counseled Amended Petition for a Writ of Habeas Corpus (ECF No. 6) under 28 U.S.C. § 2241 filed by Darwin Diaz Turcios ("Petitioner") seeking immediate release from custody or any other relief this Court deems just and proper. ECF No. 6, pp. 14-15. Petitioner later filed a Motion for Preliminary Injunction ("PI") (ECF No. 34) seeking release or a bond hearing. ECF No. 34, p. 1. Petitioner has been in continuous Immigration Customs and Enforcement ("ICE") custody since April 24, 2024. He was first detained at Moshannon Valley Detention Center ("MVDC") and was later moved to Federal Corrections Institution at Lewisburg ("FCI-Lewisburg"). Petitioner claims his detention has become unconstitutionally prolonged under the Fifth Amendment. This matter was referred to Magistrate Judge Peter E. Ormsby for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On May 12, 2026, Magistrate Judge Ormsby filed a Report and Recommendation (ECF No. 44) (*non-substantive corrective entry*) recommending that the Petition (ECF No. 1) be granted insofar as it seeks a bond hearing and that the PI be denied as moot and that Petitioner's requests be denied as to any additional relief sought. ECF No. 44, p. 1. After a review of related case law

1

(*see* ECF No. 44, pp. 10-11) Judge Ormsby, in consideration of Petitioner's detention of 15 months under 8 U.S.C. § 1226(c),[1] and in consideration of the other factors under *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), found that Petitioner is entitled to a constitutionally adequate bond hearing before an immigration judge. The Parties were advised they could file objections to the Report and Recommendation within 14 days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections, and the time to do so has expired. Respondents filed a timely Objections (ECF No. 45) on May 26, 2026, for the Court's consideration.

Respondents argue that Petitioner makes a substantive due process argument and not a procedural due process argument and, thus, Magistrate Judge Ormsby's analysis is erroneous. ECF No. 45, p. 2. Respondents contest Petitioner's right to a bond hearing stating, "[A] bond hearing is simply a vehicle for making the substantive determination about flight risk and dangerousness that Petitioner maintains is necessary to justify his 'prolonged' detention. And because aliens falling within the ambit of § 1226(c) do not require such a determination, Petitioner [sic] claim was substantive-due process challenge, not a procedural one." ECF No. 45, p. 4. If the Court is to accept Respondents' contention that Petitioner seeks substantive due process, in the immigration system that can only be performed by way of a bond hearing with an immigration judge who will determine whether Petitioner is a flight risk or danger to community. Simply because Petitioner is detained under 8 U.S.C. § 1226(c) does not by default make him ineligible to be substantively reviewed for bond and the constitution affords him the right not to be indefinitely detained if justice so finds. Put in other words substantive due process and procedural due process are tightly intertwined.

---

[1] Fifteen months of detention was a conservative number as it did not include a calculation of months where Petitioner was detained under 8 U.S.C. § 1231.

Respondents cite to Section 1226(c) as a substantive basis of why Petitioner's relief should be denied.

**(4) Release**
The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C.A. § 1226 (West). Respondents state that Petitioner is not substantively entitled a bond hearing because he doesn't fall into a class entitled to it according to the statute. Respondents cite to *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018) (holding the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions). However, as stated in *German Santos*, "*Jennings* had not reached the merits of the constitutional challenge to prolonged detention without a bond hearing under § 1226(c) .... So it construed German Santos's claim as an "as-applied" challenge to § 1226(c)...." *German Santos*, 965 F.3d 203, 207 (3d Cir. 2020). This Court interprets this case similarly and relies on the Third Circuit's approach in *German Santos*. This Court also agrees with the Magistrate Judge's evaluation of the four *German Santos* factors supporting Petitioner. *See* ECF No. 44, pp. 9-13.

While the language of the statute is firm, it does not preclude an alien detained under the statute from a bond hearing. In fact, it provides for it; the Court disagrees with Respondents statement that such bond hearings are "irrelevant" under Section 1226(c). Each case is factually unique and can and should be considered on a case-by-case basis. An immigration judge is tasked with determining whether Petitioner is a flight risk or danger to the community while assuring that

3

Petitioner has received his due process rights. Thus, Petitioner is entitled to a due process review of the statute as applied to his case and this must be done by way of a bond hearing.

Upon review of the record and the Report and Recommendation (ECF No. 44) and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Ormsby in this matter. Judge Ormsby correctly found that Petitioner was entitled to a bond hearing.

Accordingly, the following order is entered:

### **ORDER**

AND NOW, this 2nd day of June, 2026, IT IS ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED insofar as Petitioner seeks a bond hearing. Petitioner is to be provided with a constitutionally adequate bond hearing by an immigration judge within ten (10) days. The Parties shall provide notice to the Court of the outcome of the individualized bond hearing within seven (7) days of the date of the immigration judge's decision; and,

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (ECF No. 34) is DENIED as moot; and

IT IS FURTHER ORDERED that Magistrate Judge Ormsby's Report and Recommendation (ECF No. 44) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

4